1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY,<br><br>Defendant. | No.<br><br>COMPLAINT FOR DECLARATORY RELIEF |

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Plaintiff Safeco Insurance Company of America brings this action pursuant to 28 U.S.C. §2201 to obtain a declaration of the party's rights under an insurance policy issued by Defendant.  Plaintiff also seeks equitable contribution from Defendant.  Plaintiff alleges as follows:

## I. PARTIES

1.1     Plaintiff Safeco Insurance Company of America is a company organized under the laws of the State of New Hampshire, and for federal court jurisdiction/diversity of citizenship disclosure purposes, the principal place of business is 175 Berkeley Street, Boston, Massachusetts.

1.2     Defendant Fidelity National Title Insurance Company is and all material times to this action has been a Florida corporation with its principal place of business at 601 Riverside Avenue, in Jacksonville, Florida.

COMPLAINT FOR DECLARATORY
RELIEF – 1
lcn/1379639/3165030x



WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

## II. JURISDICTION & VENUE

2.1     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a) because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2.2     Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the controversy asserted herein arose in Kitsap County, Washington, which is located in this District.

2.3     This Court has authority to determine the parties' respective rights and other legal obligations pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201.

## III. FACTS

3.1     On information and belief, LandAmerica Transnation (now Fidelity National Insurance Company ("Fidelity")) issued the following insurance policy to Scott Dalgleish and Debra M. Dalgleish:   Policy of Title Insurance Policy No. 20087041, for the property described in the Policy (the "Fidelity Policy").   The Fidelity Policy applied to the property at 6495 NE Twin Spits Rd, Hansville, Washington 98340.   A copy of the Fidelity Policy is attached hereto as *Exhibit 1.*

3.2     Excepted from the Fidelity Policy was a "private road", but no meets and bounds description was provided in the Policy that would allow determination of where, exactly, the road was located.

3.3     On or about May 27, 2016, Kenneth Erickson and Brenda Erickson filed a third-party complaint against the Dalgleishes in the Superior Court of the State of Washington for Kitsap County, in the suit *Jensen et al v. Erickson et al.,* Case No. 16-2-007212-2 2:11-cv-02043-RAJ (the "Jensen Lawsuit").   A copy of the Third-party Complaint ("TPC") filed in the Jensen Lawsuit is attached hereto as *Exhibit 2.*

3.4     In the Third-party Complaint, the Ericksons alleged ownership rights in a "private road" as shown on two different surveys (1974 and 2015), neither of which were

COMPLAINT FOR DECLARATORY
RELIEF – 2
lcn/1379639/3165030x

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

attached to the Third-Party Complaint.  TPC ¶ 7.8 – 7.10.  The Ericksons alleged that an intervening survey done in 1999 had incorrectly marked this "private road."  TPC ¶ 7.10.

3.5    The Ericksons alleged the right to recover the remedies and damages previously claimed in the pleading.  TPC 8.7-8.9.  The Ericksons made clear they alleged that the Dalgleishes had, by their actions, entered land or taken property located on land allegedly owned by the Ericksons.  TPC Prayer 2 and 8.

3.6    Among other allegations, the Ericksons claimed that the Dalgleishes had removed stakes located on the west side of a private road allegedly owned by the Ericksons, and that the Ericksons owned the land on which the stakes had been located prior to removal. TPC 7.21.

3.7    The Ericksons alleged trespass against the Dalgleishes, contending their filling of a ditch west of the private road allegedly owned by the Ericksons trespassed on the Ericksons' owned property.  TPC ¶ 7.12 (location of ditch surveyed in 2016) and 7.40 ("closing" of a drainage ditch).

3.8    The Ericksons alleged the Dalgleishes trespassed on their property when they removed trees along the west side of the "private road."  TPC 7.29 and 7.44.

3.9    The Ericksons sought an injunction against any trespass on, cutting of vegetation, grading or filling, on their property.  TCP 7.35.

3.10    These allegations triggered the duty to defend under the Fidelity Policy, because that Policy provides that "Transnation Title Insurance Company . . . Insures, against loss or damage, . . . sustained or incurred by the Insured by reason of:  1) Title to the estate or interest described in Schedule A being vested other than as stated therein; 2)  Any defect in or lien or encumbrance on the title . . . ."

3.11    Asserted exclusions do not apply, because the Policy fails to specify where the excepted "private road" lies, and the Third-party Complaint alleged ownership of a roadway but failed to specify where the roadway was, exactly, on or near the Dalgleish property.

COMPLAINT FOR DECLARATORY
RELIEF – 3
lcn/1379639/3165030x

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

3.12    Further, the Ericksons alleged ownership to land west of the "private road", and that land was both outside the "private road" and was within the land purchased by the Dalgleishes and insured by Fidelity.

3.13    Additionally, in discovery, the Ericksons contended that they owned two private roads located at least in part on the property purchased by the Dalgleishes.

3.14    Additionally, in discovery, Mr. Erickson alleged that trees located on the Dalgleish property and allegedly removed by them were actually on his property, explaining that "the east boundary of the Dalgleish property was not conveyed to them."

3.15    The Dalgleishes tendered the Erickson Third-party Complaint to Fidelity. Fidelity denied coverage and refused to defend the Dalgleishes.

3.16    Safeco issued Policy OH1612223 to the Dalgleishes, for the period March 8, 2016 through March 8, 2017.

3.17    The Dalgleishes tendered the Erickson Third-party Complaint to Safeco, and Safeco agreed to provide a defense to them in the suit under a reservation of rights.  Safeco has paid defense costs on behalf of the Dalgleishes, and will pay defense costs through the conclusion of the lawsuit.

3.18    The Jensen Lawsuit was decided by the Court in favor of the plaintiff and the defendants, including the third party defendants, the Dalgleishes, and against the Ericksons.

3.19    The Dalgleishes assigned the right to recover defense costs from Fidelity to Safeco.

3.20    Safeco requested contribution of defense costs it had paid from Fidelity. Fidelity refused to contribute to the defense of the common insureds, the Dalgleishes.

## IV. CLAIM FOR DECLARATORY RELIEF

4.1    Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

COMPLAINT FOR DECLARATORY
RELIEF – 4
lcn/1379639/3165030x

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

4.2     An actual, present, and bona fide justiciable controversy exists between Plaintiff and Fidelity with respect to whether Fidelity had the duty to defend the Dalgleishes against the Erickson Third-party Complaint.

4.3     A judicial declaration is necessary to establish the parties' rights and duties, if any, under the Fidelity Policy.

4.4     Plaintiff is entitled to a declaration that Fidelity had the duty to defend the Dalgleishes.

## V. CLAIM FOR EQUITABLE CONTRIBUTION

5.1     The allegations set forth in paragraphs 1 – 4.5 above are re-alleged and incorporated as if fully set forth herein.

5.2     As a co-insurer of the Dalgleishes, Fidelity was obligated to pay defense costs incurred by the insureds in defense of the Erickson Third-party Complaint.

5.3     Safeco is entitled to contribution from Fidelity for the equitable share of defense costs paid by Safeco that should have been paid by Fidelity.  As assignee of the common insureds, Safeco is entitled to reimbursement of defense costs under the Transnation policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1.      Judgment declaration that Fidelity had the duty to defend the Dalgleishes against the Erickson Third-party Complaint;

2.      An award to Safeco for equitable contribution toward, or reimbursement as assignee of the common insureds of, defense costs paid by Safeco on behalf of the Dalgleishes;

3.      That Safeco recover its taxable costs and disbursements herein;

4.      That Safeco, as assignee of the Dalgleishes, recover its fees pursuant to the holding of *Olympic Steamship Co. v. Centennial Ins. Co.,* 117 Wn.2d 37 (1991); and

COMPLAINT FOR DECLARATORY
RELIEF – 5
lcn/1379639/3165030x

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

5.      For such other and further relief as the Court deems just and equitable.


DATED this 25th day of September, 2019.


s/ Lisa C. Neal
Lisa C. Neal, WSBA No. 25686
John M. Silk, WSBA No. 15035
WILSON SMITH COCHRAN DICKERSON
901 Fifth Avenue, Suite 1700
Seattle, WA  98164-2050
Telephone: (206) 623-4100
Fax: (206) 623-9273
Email: l.neal@wscd.com/silk@wscd.com
Attorneys for Plaintiff

COMPLAINT FOR DECLARATORY
RELIEF – 6
lcn/1379639/3165030x

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON  98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273