UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA,<br><br>                 Plaintiff,<br>vs<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY,<br><br>                 Defendant. | NO. 3:19-CV-05902-DWC<br><br>AMENDED MOTION TO CONTINUE TRIAL DATE AND PRETRIAL DEADLINES |

Defendant Fidelity National Title Insurance Company ("Defendant" or "Fidelity") respectfully moves the Court to continue the dates set in the Initial Pretrial Scheduling Order at least 120 days. There is no trial date set in this matter presently, but Fidelity seeks at least 120 additional days on all pretrial dates set now on the Initial Pretrial Scheduling Order relating to discovery, dispositive motions, mediation and trial/trial filings. This Amended Motion is only filed to clarify a background fact learned since filing of the original Motion. Plaintiff has been made aware and consented to the amendment. Womac Decl., ¶ 13.

**A.  Factual and Procedural Background**

This is a recoupment case by Safeco Insurance Company of America ("Safeco" or "Plaintiff") against Fidelity for legal costs and attorneys' fees allegedly spent by Safeco

AMENDED MOTION TO CONTINUE TRIAL DATE
AND PRETRIAL DEADLINES - 1

FIDELITY NATIONAL LAW GROUP
701 – 5TH AVENUE, SUITE 2710
SEATTLE, WA 98104
(206) 223-4525

defending its insureds, Scott and Debra Dalgleish (the "Dalgleishes"). Beginning in 2016, the Dalgleishes were embroiled in litigation with two other neighbors in a dispute concerning certain real properties located in Hansville, Kitsap County. The litigation was titled *Jensen, et al, v. Erickson, et al and Erickson v. Dalgleish*, and filed under Kitsap County Superior Court Cause No. 16-2-00712-2 (the "Lawsuit").

Having been named in the Lawsuit as third-party defendants by their neighbors, the Ericksons, the Dalgleishes tendered claims to both their title insurance carrier (Fidelity) and home insurance carrier (Safeco) for a defense in the Lawsuit. In June 2016, Fidelity declined coverage and was unable to provide a defense since the matters in the Lawsuit were expressly excepted from coverage under the title policy. Safeco later accepted coverage under its home owners' policy, and provided a defense in the Lawsuit, which was ultimately settled while an appeal was pending.

After the conclusion of the Lawsuit, Safeco entered an agreement with the Dalgleishes for the sole and express purpose of Safeco pursing recovery of its alleged legal costs and fees expended in the Lawsuit. Declaration of Daniel A. Womac ("Womac Decl."), **Exhibit A**. Safeco commenced this litigation against Fidelity on September 25, 2019 seeking (1) Declaratory Relief for a finding that Fidelity owed the Dalgleishes a duty to defend them in the Lawsuit (a prerequisite to Safeco being entitled to any relief) and (2) for Equitable Contribution for a share of Safeco's alleged defense costs in the Lawsuit. Womac Decl., **Exhibit B**. Fidelity has denied in its Answer that Safeco is entitled to relief under either claim in the instant litigation, and stated affirmative defenses. Womac Decl., **Exhibit C**.

AMENDED MOTION TO CONTINUE TRIAL DATE
AND PRETRIAL DEADLINES - 2

FIDELITY NATIONAL LAW GROUP
701 – 5TH AVENUE, SUITE 2710
SEATTLE, WA 98104
(206) 223-4525

Safeco served initial disclosures to Fidelity on or about November 26, 2019. Womac Decl., **Exhibit D**. Fidelity served initial disclosures to Safeco on or about December 4, 2019. Womac Decl., **Exhibit E**.

Plaintiff and Defendant prepared and filed an Initial Pretrial Scheduling Order (the "Scheduling Order") for this case on December 6, 2019. Womac Decl., **Exhibit G**. The Scheduling Order set a discovery cutoff date of June 5, 2020, discovery motion deadline of May 4, 2020, a dispositive motion deadline of June 12, 2020, and mediation deadline of July 3, 2020. *Id*. Those dates were all agreed upon before either party had knowledge of the impact of safety measures and responses to the COVID-19 pandemic.

In early March 2020 Plaintiff and Defendant attempted to set a tentative date for mediation of the instant litigation to take place in late April, 2020. Womac Decl., ¶ 7. While the parties attempted to engage in informal discovery to reduce costs as they awaited mediation, both parties agreed summary judgment motions would follow a mediation and inquiries were made to the Court about available dates for hearings. Womac Decl., ¶ 8.

On March 6, 2020, right in the middle of setting a mediation date and during the informal discovery discussions, this Court issued General Order Nos. 02-20 and 02-20 (the "Orders") in response to the growing COVID-19 pandemic, continuing all civil matters that cannot be resolved without oral argument. Womac Decl., **Exhibit F**. The Orders have since been replaced by General Order Nos. 03-20, 04-20, 07-20 and 08-20 continuing the closure of this Court through July 31, 2020 consistent with the State of Washington's Stay Home, Stay Safe Order as a result of COVID-19. *Id*. The Orders have greatly impacted the parties' ability to abide by the scheduling dates agreed to in

AMENDED MOTION TO CONTINUE TRIAL DATE
AND PRETRIAL DEADLINES - 3

FIDELITY NATIONAL LAW GROUP
701 – 5TH AVENUE, SUITE 2710
SEATTLE, WA 98104
(206) 223-4525

December 2019, long before anyone could have imagined the impacts of the Covid-19 Pandemic.

Despite the impact of the Orders, the parties still pushed forward, to the extent possible, with discovery. With mediation temporarily canceled, on April 14, 2020, Fidelity sent Plaintiff a First Set of Interrogatories and Requests for Production. Womac Decl., ¶ 11. On May 4, 2020, Fidelity sent Plaintiff First Requests for Admission. Womac Decl., ¶ 12. At the time of initial filing of this Motion, the undersigned had received no responses to any discovery demands. *Id.*, ¶ 13. However, upon being served copies of this Motion, Plaintiff's counsel informed the undersigned that she had already sent responses to the First Set of Interrogatories and Requests for Production on May 14, 2020. *Id.*, ¶ 13. Since the parties have an agreed E-Service Agreement in place, the Responses were emailed but routed by Fidelity's corporate IT team to a 14-day email quarantine protecting against phishing and fraudulent emails. *Id.*, ¶ 13. As a result, the email and Responses were not received by the undersigned on May 14. *Id.*, ¶13. Counsel for Plaintiff has since forwarded the Responses by email, having resent them on May 30. *Id.*, ¶ 13. Additionally, <u>after</u> filing of this Motion, Plaintiff sent Supplementary Responses to the First Set of Interrogatories and Requests for Production, and Responses to the First Requests for Admission. *Id.*, ¶ 13. Fidelity has not had adequate time to review all the Responses to the Requests, but is concurrently preparing a motion to Compel Discovery on the Requests for Admission, finding them evasive and incomplete. *Id.*, ¶ 13. Plaintiff has been made aware and consented to the amendment to the motion and declaration. *Id.*, ¶ 13.

AMENDED MOTION TO CONTINUE TRIAL DATE
AND PRETRIAL DEADLINES - 4

FIDELITY NATIONAL LAW GROUP
701 – 5ᵀᴴ AVENUE, SUITE 2710
SEATTLE, WA 98104
(206) 223-4525

In light of the current conditions and considering its request to Plaintiff for a stipulated continuance, Fidelity has not yet made any motion to compel discovery. Womac Decl., ¶ 14. Plaintiff sent a Request for Production of Documents to Fidelity on or about May 6, 2020, two days <u>after</u> the deadline in the Scheduled Order for any discovery motions. Womac Decl., ¶ 15. Fidelity is preparing responses to those requests presently. *Id.*, ¶ 16.

On May 27, 2020 Fidelity asked Safeco counsel for an agreed stipulation to a continuance of the discovery, dispositive motion and trial deadlines due to the unforeseeable delays caused by COVID-19. Fidelity was told the stipulation would not be recommended to Safeco. Womac Decl., ¶ 17.

**B.   Argument**

   1.   Legal Standard

Courts have broad discretion to control their own docket, *Clinton v. Jones*, 520 U.S. 681, 706 (1997), and a court may extend the deadlines set forth in its docket for good cause. Fed. R. Civ. P. 6(b). "The decision to grant or deny a requested continuance lies within the broad discretion of the district court, and will not be disturbed on appeal absent clear abuse of that discretion." *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir.), *amended*, 764 F.2d 675 (9th Cir. 1985). "There is no abuse of discretion unless the denial was arbitrary or unreasonable." *United States v. Moreland*, 622 F.3d 1147, 1158 (9th Cir. 2010) (internal citation and quotations omitted). Here, Fidelity's request for a continuance of the dates set in the Initial Pretrial Scheduling Order is reasonable and based on the unforeseeable discovery challenges posed by the COVID-19 outbreak.

AMENDED MOTION TO CONTINUE TRIAL DATE
AND PRETRIAL DEADLINES - 5

FIDELITY NATIONAL LAW GROUP
701 – 5TH AVENUE, SUITE 2710
SEATTLE, WA 98104
(206) 223-4525

The Ninth Circuit considers four factors in deciding motions to continue the trial date: 1) the requesting party's diligence in preparing prior to trial; 2) whether delaying the trial would satisfy the need for the continuance; 3) the inconvenience to the court, the opposing party, and witnesses; and 4) the extent that the requesting party would suffer harm absent the continuance. *See United States v. Zamora-Hernandez,* 222 F.3d 1046, 1049 (9th Cir. 2000); *United States v. Tham*, 960 F.2d 1391, 1396 (9th Cir. 1991); *Flynt*, 756 F.2d at 1359. "The fourth factor is the most critical." *Zamora-Hernandez*, 222 F.3d at 1049; *see also Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001) ("To meet this burden, the challenging party must meet a four-part test, the fourth (and mandatory) element of which requires a demonstration of prejudice."); *United States v. 2.61 Acres of Land, More or Less, Situated in Mariposa Cty., State of Cal.*, 791 F.2d 666, 671 (9th Cir. 1985) ("No one factor is dispositive...Absent a showing of prejudice suffered by the appellant, however, this Court will not disturb the ruling below."). As argued below, the instant circumstances meet this test head-on, since this case remains early in discovery, and in light of the COVID-19 challenges, neither party has had ample opportunity to set any depositions or complete the written discovery. The parties have worked well with each other thus far to accommodate each other's schedules and discovery will likely lead to setting a new date for mediation which serves judicial economy. This is the first request for a continuance of any dates, including the trial date, by any party in this case.

Moreover, the grant of a continuance where the risk of spreading infectious disease can be avoided by delaying a trial is reasonable and constitutes good cause. *See,*

AMENDED MOTION TO CONTINUE TRIAL DATE
AND PRETRIAL DEADLINES - 6

FIDELITY NATIONAL LAW GROUP
701 – 5TH AVENUE, SUITE 2710
SEATTLE, WA 98104
(206) 223-4525

*e.g., United States v. Allen*, 2012 U.S. Dist. LEXIS 123487, at *15–*16 (D.V.I. Aug. 30, 2012) (continuing trial during chickenpox outbreak where travel could cause infectious public spread); *People v. Tucker*, 196 Cal. App. 4th 1313 (continuing trial where defendant was at risk of contracting "infectious disease" and a trial could expose "trial court personnel, jurors, and witnesses" to H1N1, a "debilitating and perhaps life-threatening illness"); *State v. Drewry*, 946 A.2d 981, 987 (Me. 2008) (continuing case where defendant under infectious disease quarantine); *People v. Goode*, 628 N.Y.S.2d 727, 728 (N.Y. App. 1995); *State v. Ibarra*, Case No. 54736, 1988 Ohio App. LEXIS 5256, at *2 (Ohio App. 1988).

2. <u>Fidelity's Preparation for Trial is Diligent</u>

Since issuance of the initial 01-20 and 02-20 Orders, the reasonable safety measures undertaken against COVID-19 have concurrently made extremely impractical, if not impossible, any in-person discovery in this case. There is no way the parties could have foreseen in December 2019 that COVID-19 orders and restrictions on travel would hamper and prejudice discovery being accomplished by June 5, 2020, as set in the Scheduling Order. Had the parties known such complications were imminent, certainly they would have not given themselves only six months to complete discovery.

Presently, the parties are engaged in mutual written discovery with the hopes of being able to schedule necessary depositions once travel restrictions are lifted and it is deemed safe. Further, following discovery the parties may wish to again attempt alternate dispute resolution. The current deadline for mediation per the Scheduling Order is July 3, 2020, but it is wholly unclear whether the parties will be able to complete depositions and discovery by that time.

AMENDED MOTION TO CONTINUE TRIAL DATE
AND PRETRIAL DEADLINES - 7

FIDELITY NATIONAL LAW GROUP
701 – 5TH AVENUE, SUITE 2710
SEATTLE, WA 98104
(206) 223-4525

And the parties are indeed actively and amiably pursuing discovery in this case. With mediation temporarily canceled, on April 14, 2020, Fidelity sent Plaintiff a First Set of Interrogatories and Requests for Production. Womac Decl., ¶ 11. On May 4, 2020, Fidelity sent Plaintiff First Requests for Admission. Womac Decl., ¶ 12. At the time of initial filing of this Motion, the undersigned had received no responses to any discovery demands. *Id.,* ¶ 13. However, upon being served copies of this Motion, Plaintiff's counsel informed the undersigned that she had already sent responses to the First Set of Interrogatories and Requests for Production on May 14, 2020. *Id.,* ¶ 13. Since the parties have an agreed E-Service Agreement in place, the Responses were emailed but routed by Fidelity's corporate IT team to a 14-day email quarantine protecting against phishing and fraudulent emails. *Id.,* ¶ 13. As a result, the email and Responses were not received by the undersigned on May 14. *Id.,* ¶13. Counsel for Plaintiff has since forwarded the Responses by email, having resent them on May 30. *Id.,* ¶ 13. Additionally, <u>after</u> filing of this Motion, Plaintiff sent Supplementary Responses to the First Set of Interrogatories and Requests for Production, and Responses to the First Requests for Admission. *Id.,* ¶ 13. Fidelity has not had adequate time to review all the Responses to the Requests, but is concurrently preparing a motion to Compel Discovery on the Requests for Admission, finding them evasive and incomplete. *Id.,* ¶ 13. Plaintiff has been made aware and consented to the amendment to the motion and declaration. *Id.,* ¶ 13.

In light of the current conditions and considering its request to Plaintiff for a stipulated continuance, Fidelity has not yet made any motion to compel discovery. Womac Decl., ¶ 14. Plaintiff sent a Request for Production of Documents to Fidelity on

AMENDED MOTION TO CONTINUE TRIAL DATE
AND PRETRIAL DEADLINES - 8

FIDELITY NATIONAL LAW GROUP
701 – 5TH AVENUE, SUITE 2710
SEATTLE, WA 98104
(206) 223-4525

or about May 6, 2020, 2 days <u>after</u> the deadline in the Scheduled Order for any discovery motions. Womac Decl., ¶ 15. Fidelity is preparing responses to those requests presently. *Id.*, ¶ 16. The responses to the above discovery demands, and reasonable written and testimonial follow-up discovery thereto, are instrumental to the development of Plaintiff's case and Fidelity's defenses to Plaintiff's claims.

3. <u>Delaying the Trial Would Satisfy the Need for the Continuance</u>

Here, the need for the delay is directly related to additional time for discovery for both sides. If the pre-trial dates are continued with the Court entering an Amended Schedule Order, the discovery deadline will be extended a reasonable amount of time permitting the parties to adequately respond to the pending written discovery, follow up with appropriate motions and supplementation, and schedule depositions, as needed, of relevant witnesses. Discovery is, without question, a useful purpose for a continuance.

4. <u>A Continuance Will Not Inconvenience the Court, Plaintiff or Witnesses</u>

COVID-19 has inconvenienced, interrupted and generally frustrated American society, including our judicial system. The Orders make clear that this great Court remains shut to the public until July 31, 2020 at the earliest. While no trial has been set in this case, neither the parties nor the Court contemplated cancelation of most all settings in the docket for months at a time while the State of Washington's Stay Home, Stay Safe Order is in effect.

Rather, a continuance in this case will likely serve to alleviate the Court's docket when matters begin to be rescheduled post-July 31. Moreover, Plaintiff will not be prejudiced since this matter is a recoupment case between two insurance companies, presenting no imminent or pressing demand for resolution that cannot wait an

AMENDED MOTION TO CONTINUE TRIAL DATE
AND PRETRIAL DEADLINES - 9

FIDELITY NATIONAL LAW GROUP
701 – 5TH AVENUE, SUITE 2710
SEATTLE, WA 98104
(206) 223-4525

additional reasonable time. Witness travel within Washington or to/from Washington is restricted under existing State mandates because of COVID-19, and no witnesses are inconvenienced by a reasonable set-over of the trial date.

5. <u>A Continuance Will not Unduly Prejudice Plaintiff, and the Denial of a Continuance Will Prejudice Defendant</u>

If the dates are not continued, neither party will be able to complete adequate discovery in this case. Again, as stated above, there are multiple pending written discovery demands presently pending from both sides. The fact that the discovery demands were sent in April and May 2020 is both directly and indirectly related to the Orders and general restrictions on travel imposed and caused by COVID-19. As it stands, under the existing Scheduling Order, neither side can even file a motion related to discovery right now, even though both sides are presently preparing responses that may be objected to or demand Court intervention. Without responses to the written discovery, depositions cannot be scheduled. Both the written discovery and depositions are absolutely critical to the defenses in the litigation and without them, Defendant will most certainly be prejudiced.

On the other hand, Plaintiff can claim no prejudice by a reasonable continuance of the current deadlines, since there is no need for urgency or expediency in this collection case for attorneys' fees already spent in defense of the Lawsuit. It is unknown whether any witnesses can travel for depositions anywhere in/out of the State of Washington for non-essential matters, which poses equal challenges to both sides and thus can't be deemed prejudicial to either. Completion of adequate and meaningful discovery further serves the purpose of rescheduling a mediation, something initially

AMENDED MOTION TO CONTINUE TRIAL DATE
AND PRETRIAL DEADLINES - 10

**FIDELITY NATIONAL LAW GROUP**
701 – 5TH AVENUE, SUITE 2710
SEATTLE, WA 98104
(206) 223-4525

canceled in this case specifically because of the COVID-19 outbreak and pending discovery questions.

Defendant sought a stipulation from Plaintiff to continue the dates in the Scheduling Order, but was advised it would not be recommended. Womac Decl., ¶___. Counsel for each party in this case have worked well together thus far to accommodate each other's conflicts, and this is the first request for a continuance made of the dates by either party in this case.

## C. Conclusion

For the foregoing reasons, Fidelity respectfully requests the Court grant at least 120 additional days on all pretrial dates set now on the Initial Pretrial Scheduling Order relating to discovery, dispositive motions, mediation and trial/trial filings.

DATED: June 2, 2020.

FIDELITY NATIONAL LAW GROUP

*s/Daniel A. Womac*
Daniel A. Womac, WSBA #36394
Fidelity National Law Group
701 – 5th Avenue, Suite 2710
Seattle, WA 98104
(206) 224-6005
Daniel.Womac@fnf.com
*Attorney for Defendant Fidelity National Title Company*

CERTIFICATE OF SERVICE

I, Sasannah Dolan-Williams certify under penalty of perjury under the laws of The State of Washington that I am now and at all times herein mentioned, a citizen of the United States, a resident of the State of Washington, over the age of eighteen years, and not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date below, I served the following document on the following individuals in the manner indicated, as follows:

- MOTION TO CONTINUE TRIAL DATE AND PRETRIAL DEADLINES

> *Via E-Mail:*
> Lisa C. Neal
> John M. Silk
> WILSON SMITH COCHRAN DICKERSON
> 901 Fifth Avenue, Suite 1700
> Seattle, WA 98164-2050
> (206) 623-4100
> l.neal@wscd.com
> *Attorney for Plaintiff*

DATED: June 2, 2020.

                                                      *s/Sasannah Dolan-Williams*
                                                    Sasannah Dolan-Williams
                                                    Litigation Paralegal