UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 3:19-CV-5902-BHS-DWC<br><br>ORDER GRANTING MOTION TO CONTINUE |

This case has been referred to the undersigned United States Magistrate Judge. Dkt. 11. Presently pending before the Court is Defendant Fidelity National Title Insurance Company's Amended Motion to Continue Trial Date and Pretrial Deadlines ("Motion to Continue"). Dkt. 18. After considering the relevant record, the Motion to Continue (Dkt. 18) is granted. The Clerk is directed to terminate the original motion to continue (Dkt. 17) and the pending Motion for Summary Judgment (Dkt. 24).

### I.  Background

On December 6, 2019, the Court entered an Initial Pretrial Scheduling Order ("Order"). Dkt. 16. Per the Order, discovery was to be completed by June 5, 2020 and dispositive motions were to be filed on or before June 12, 2020. *Id*. On June 2, 2020, Defendant filed the Motion to Continue, requesting at least a 120-day extension of time for all dates in the Order. Dkt. 18.[1] Plaintiff Safeco Insurance Company of America filed a Response on June 10, 2020 requesting the Court deny the Motion to Continue, Dkt. 20, and on June 11, 2020, Defendant filed its Reply. Dkt. 22. On June 11, 2020, Plaintiff also filed a Motion for Summary Judgment. Dkt. 24.

### II.  Discussion

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified for good cause and with the judge's consent. *See also* Local Civil Rule ("LCR") 16(b)(6); Fed.R.Civ.P. 6(b)(1)(A). "[R]equests for extensions of time made before the applicable deadline has passed should normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (internal quotations and alterations omitted).

Here, the record reflects the parties engaged in informal discussions and attempts to mediate prior to initiating more formal discovery. Dkt. 18-23. The parties were still engaging in discovery when the Motion to Continue was filed. Dkt. 19, Womac Dec.; Dkt. 21, Neal Dec. Additionally, Defendant contends the COVID-19 pandemic has delayed discovery. Dkt. 18. The Court recognizes the COVID-19 pandemic has impacted parties' abilities to effectively litigate cases and the pandemic has been on-going during the last three months of the discovery period in

---

[1] Defendant filed the original motion to continue on May 29, 2020. Dkt. 17.

this case. *See generally* General Orders 01-20 – 06-20, 08-20. The Court further notes a trial date has not been set.

Plaintiff alleges it will be prejudiced by an extension of time and Defendant is delaying this case. Dkt. 20. The Court finds no evidence Defendant is acting in bad faith in seeking the extension. Further, while Plaintiff filed a Motion for Summary Judgment, Dkt. 24, the Motion for Summary Judgment was filed after the Motion to Continue and both parties appeared agreeable to extending the dispositive deadline. Dkt. 20, p. 6; Dkt. 23, Womac Dec., ¶ 5. Further, both parties were engaging in discovery late in the discovery period, including Plaintiff filing a request for discovery on the last date possible. Dkt. 19, Womac Dec, ¶¶ 12-15; Dkt. 21, Neal Dec., ¶ 12.

For the above stated reasons, the Court finds there is good cause to modify the Order in this case.

**III.    Conclusion**

In conclusion, the Motion to Continue (Dkt. 18) is granted as follows:

| | |
|---|---|
| Disclosure of Expert Reports under FRCP 26(a)(2) | 8/3/2020 |
| Rebuttal Expert Disclosures | 9/1/2020 |
| All motions related to discovery must be filed by | 9/4/2020 |
| Discovery completed by | 10/5/2020 |
| Dispositive motions deadline | 10/15/2020 |
| Mediation per LCR 39.1(c)(2) to be completed no later than | 11/2/2020 |

All other portions of the Initial Pretrial Scheduling Order (Dkt. 16) remain in full force and effect.

1        The Clerk is directed to terminate the original motion to continue (Dkt. 17) as the Motion to Continue (Dkt. 18) replaced the original motion. Further, as the Court has extended the discovery deadlines, the Clerk is directed to terminate the noting date for the Motion for Summary Judgment (Dkt. 24).

       Plaintiff may file a notice requesting the Motion for Summary Judgment be re-noted or may file a renewed motion for summary judgment in compliance with the new deadlines. If the parties intend to file cross-motions for summary judgment, the parties shall comply with LCR 7(k).

       Dated this 17th day of June, 2020.

David W. Christel
United States Magistrate Judge