1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8    SAFECO INSURANCE COMPANY OF
     AMERICA,

9                              Plaintiff,

          v.

10

11   FIDELITY NATIONAL TITLE
     INSURANCE COMPANY,

12                             Defendant.

13

CASE NO. C19-5902 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

14       This matter comes before the Court on the Report and Recommendation ("R&R")

15   of the Honorable David W. Christel, United States Magistrate Judge, Dkt. 41, Plaintiff

16   Safeco Insurance Company of America's objections to the R&R, Dkt. 42, and Defendant

17   Fidelity National Title Insurance Company's response to the objections, Dkt. 43.

18       **I.   FACTUAL AND PROCEDRUAL BACKGROUND**

19       This is a declaratory judgment action Safeco filed against Fidelity regarding the

20   duty to defend their mutual insureds, Scott and Debra Dalgleish, in a property dispute

21   between neighbors. Safeco provides the Dalgleishes' homeowners' insurance, and

22   Fidelity provides their title insurance. Safeco seeks a declaratory judgment that Fidelity

had a duty to defend the Dalgleishes in the underlying action and seeks contribution for an equitable share of the defense costs. Dkt. 41 at 2 (citing Dkt. 1, ¶¶ 4.1–4.4, 5.1–5.3).

As set forth in the R&R, a 20-acre parcel of land owned by Matilda Erickson was split into four parcels, five acres each. The Dalgleishes purchased the northwest parcel, and Kenneth and Brenda Erickson own the northeast parcel through inheritance. Gregg and Monica Nelson own the southwest parcel, and Steven and Cynthia Jensen own the southeast parcel. A private road runs from north to south between the Dalgleishes' property and the Ericksons' and between the Nelsons' property and the Jensens'. The Dalgleishes' title insurance policy excepts the "private road along the east margin of above described property that provides ingress, egress, and a right of way for utilities for other tracts." Dkt. 31-1 at 24. The parties do not dispute that this accurately represents the relevant legal description of the Dalgleishes' property or dispute that this definition does not specify the width of excepted area.

In April 2016, following a dispute over the private road, the Nelsons and the Jensens sued the Ericksons in state court. The Dalgleishes notified Fidelity about the lawsuit, claiming that the Ericksons were "hostilely taking over" their property though they had not yet been named as a party. In May 2016, the Ericksons filed an answer, counterclaims, and a third-party complaint ("the TPC") naming the Dalgleishes as defendants. In June 2016, the Dalgleishes forwarded the TPC to Fidelity, and Fidelity denied coverage.

In November 2016, the Ericksons submitted responses to interrogatories. Interrogatory No. 9 asked for all facts supporting their claim that the Nelsons and Jensens

1    had "no legal or equitable right to use the Easement Road described in the Complaint."

2    Dkt. 25-1 at 14. The Ericksons' response asserted that two private roads had been

3    established during the course of the land's ownership. *Id*. at 14–15. In October 2017,

4    counsel for the Dalgleishes sent these discovery responses to Fidelity along with a letter

5    requesting Fidelity reconsider its position regarding defense of the Dalgleishes as to the

6    concluded trial court proceedings and the Ericksons' anticipated appeal. *Id*. at 8–11. The

7    letter also included the state trial court's Findings of Fact and Conclusions of Law ("the

8    FFCL"). Fidelity again denied coverage.

9         On July 30, 2020, in the instant proceedings, Safeco moved for summary

10   judgment. Dkt. 28. On August 17, 2020, Fidelity responded and cross-moved for

11   summary judgment. Dkt. 30. On November 2, 2020, Judge Christel issued the R&R,

12   recommending that the Court deny Safeco's motion for summary judgment and grant

13   Fidelity's cross-motion for summary judgment. Dkt. 41. On November 16, 2020, Safeco

14   filed objections, Dkt. 42, and on November 30, 2020, Fidelity responded to the

15   objections, Dkt. 43.

16                                **II.   DISCUSSION**

17        The district judge must determine de novo any part of the magistrate judge's

18   disposition that has been properly objected to. The district judge may accept, reject, or

19   modify the recommended disposition; receive further evidence; or return the matter to the

20   magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

21        The duty to defend "arises at the time an action is first brought, and is based on the

22   potential for liability." *Woo v. Fireman's Fund Ins. Co.*, 161 Wn.2d 43, 53 (2007). An

1    insurer has a duty to defend "'when a complaint against the insured, construed liberally,

2    alleges facts which could, if proven, impose liability upon the insured within the policy's

3    coverage.'" *Id*. at 53 (quoting *Unigard Ins. Co. v. Leven*, 97 Wn. App. 417, 425 (1999)).

4    An insurer is not relieved of its duty to defend unless the claim alleged in the complaint is

5    "clearly not covered by the policy." *Id*. If a complaint is ambiguous, a court will construe

6    it liberally in favor of "triggering the insurer's duty to defend." *Id*. at 53. "Insurance

7    companies are required to look beyond the allegations of the complaint and reasonably

8    investigate when the allegations are in conflict with facts known to or readily

9    ascertainable by the insurer, or if the allegations of the complaint were ambiguous or

10   inadequate." *Leven*, 97 Wn. App. at 425.

11        Safeco raises eleven objections to the R&R in support of its claim that Fidelity had

12   a duty to defend the Dalgleishes. Dkt. 42 at 3–4. Objections one and two relate to

13   Safeco's claim that a duty to defend arose out of the second tender (the interrogatory

14   response in the underlying lawsuit), objections four through eleven relate to the R&R's

15   resolution of the first tender (the trespass claims arising in the TPC), and objection three

16   asserts that R&R erred in considering communication from the Dalgleishes to Fidelity

17   accompanying each tender. The Court will first address the objections related to the TPC

18   and the first tender and then turn to the interrogatory response and the second tender.

19   **A.    The Third-Party Complaint**

20        Safeco argues that when the Dalgleishes tendered the TPC to Fidelity, Fidelity

21   should have construed it in light of Mr. Dalgleish's email two months prior asserting that

22   the Ericksons were attempting to "hostilely tak[e] over" the Dalgleishes' property. Dkt.

42 at 8–9 (citing Dkt. 26-1 at 14). In that context, Safeco argues that the TPC's claims for trespass in the form of filling a ditch, cutting trees, and removing survey stakes implicated or at least could have been construed to implicate land to the west of the Private Road, land belonging to the Dalgleishes.

The R&R found that the TPC's trespass claims were excluded from coverage under the title policy on four bases, that: (1) the claims were barred by an exclusion for defects, liens, encumbrances, adverse claims, or other matters resulting in no loss or damage to the insured; (2) the claims were related to the Private Road which was excluded from the definition of the land covered under the policy; (3) the claims were barred by an exclusion for defects, liens, encumbrances, adverse claims, or other matters attaching after the policy issued; and (4) the claims were barred by an exclusion for issues which a correct survey of the land would disclose. Dkt. 41 at 14. The Court agrees with Judge Christel that Fidelity did not have a duty to defend based on the trespass claims in the TPC, even when construed in the context of Mr. Dalgleish's email alleging a hostile takeover of his property. The Court concludes that Judge Christel's first premise is correct and dispositive of all of the trespass claims: ditch-filling, cutting of timber or other vegetation, and removal of stakes. While Safeco also raises objections related to Judge Christel's conclusions and reasoning supporting the alternative bases for the recommended resolution of this case, they do not alter the outcome so the Court does not address them.

As noted by the R&R, the Fidelity title policy excluded any "[d]efects, liens, encumbrances, adverse claims or other matters: . . . resulting in no loss or damage to the

1    insured claimant." Dkt. 41 at 11 (citing Dkt. 31-1, p. 50 (¶ 3(c)). Judge Christel therefore

2    reasoned:

> Here, the trespass claims could not result in a loss or damage to the insured.
> If the Dalgleishes were found to have trespassed on the Ericksons' property
> when they filled a drainage ditch, removed trees, or removed stakes, the
> Dalgleishes would not have suffered a loss or damage because they never
> owned the property. The same is true if the Dalgleishes were found to have
> not trespassed; they continued to maintain ownership in the property
> wherein they filled the ditch, removed trees, or removed stakes. Thus, there
> would be no resulting loss or damage to their property interest.

*Id.* Safeco objects that Fidelity did not argue for application of this exclusion and objects

that it would "negate any insurance coverage for claims of trespass under any

circumstances." Dkt. 42 at 15. Safeco argues this construction is contrary to Washington

law because it "contradicts the general purpose of the contract or results in hardship or

absurdity" and should thus be presumed unintended by the parties. *Id.* at 16 & n.67

(quoting *Campbell v. Ticor Title Ins. Co.*, 166 Wn. 2d 466, 472 (2009)).

The Court disagrees. The general purpose of title insurance is to insure against

defects, liens, encumbrances, or adverse claims against title, not to provide coverage for

the insured's alleged intentional torts. *See Campbell*, 166 Wn. 2d at 470 (quoting Black's

Law Dictionary 819 (8th ed. 2004) (title insurance "is generally understood as '[a]n

agreement to indemnify against loss arising from a defect in title to real property'")).

As Judge Christel correctly concluded, resolution of trespass claims would not

adversely impact the Dalgleishes' property interest despite Mr. Dalgleish's perception

that it could. Dkt. 41 at 11 (citing *Rabinowitz v. Chicago Title Ins. Co.*, No. 52989-3-II,

2020 WL 4783745, at *5 (Wash Ct. App. 2020) (noting the only way an insured could

1    suffer a loss is if the interest they had to begin with was greater than the interest they

2    would retain if the underlying claim was proven true)). In other words, resolution of

3    trespass claims could reveal the parameters of the private road excepted in the

4    Dalgleishes' deed rather than change them. Therefore, the Court agrees with the R&R

5    that the first tender did not trigger Fidelity's duty to defend.

6    **B.    The Discovery Responses**

7           The R&R accurately reflects that, in response to an interrogatory, the Ericksons

8    identify a separate easement road (though no physical roadway was ever installed) which

9    encumbers the Dalgleishes' property. *Id.* at 16. The issue remains whether the Ericksons

10   made claims related to this second road that implicated the Dalgleishes' title. Safeco

11   makes a number of arguments based on the state trial court's FFCL, all to the effect that

12   because the order discusses the Ericksons' allegation (as specified in the interrogatory in

13   the second tender) that second roadway existed, the Ericksons must have made a claim

14   based on this allegation against the Dalgleishes' title. Dkt. 42 at 6. For example, Safeco

15   argues that "the trial court found against the Ericksons and for the Dalgleishes, which

16   finding would have been irrelevant had the Ericksons not claimed ownership of

17   Dalgleish-owned property." *Id.* at 7. Safeco argues that though "it is unclear exactly

18   where the 'second roadway' was claimed to be, it is clear it was a claim against the

19   Dalgleishes." *Id.*

20          Having reviewed the interrogatory response and FFCL, the Court agrees with the

21   R&R that the record is clear that as to the two roads, the Ericksons claimed only to own

22   the Private Road which was specifically excluded from the Dalgleishes' title policy. Dkt.

1   41 at 19. This is in contrast to Safeco's argument that, by discussing a second roadway,

2   the Ericksons were clearly claiming to own Dalgleish property. Dkt. 42 at 7. Safeco's

3   second objection, that the R&R improperly relied on the trial court's findings to reach its

4   decision, is similarly without merit. *Id.* The R&R correctly decided the issue before it—

5   whether the discussion of the second roadway in the interrogatory response put Fidelity

6   on notice of a duty to defend—and concluded that it does not. Dkt. 41 at 19.

7        Safeco argues the October 2017 letter the Dalgleishes' counsel sent Fidelity is

8   additional evidence the second roadway issue was a claim against the Dalgleishes. Dkt.

9   42 at 7 & n.26. The letter asserts that the survey the Ericksons rely on shows the second

10   road "almost entirely" on Dalgleish property. *Id*. Safeco asserts that Judge Christel erred

11   in failing to consider this evidence. However, the R&R specifically noted that the parties

12   did not assert that anything in the October 2017 letter (or the FFCL) imposed a duty to

13   defend, so Judge Christel did not consider it. Dkt. 41 at 15 n.4. As this issue was not

14   presented to Judge Christel in the first instance, the Court in its discretion declines to

15   consider it. The case was fully briefed to Judge Christel and the parties are represented by

16   counsel. *Akhtar v. Mesa*, 698 F.3d 1202, 1208 (9th Cir. 2012) (district court has

17   discretion to consider evidence presented for the first time in objections); *see also*

18   *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638–39 (9th Cir. 1988)

19   (issues raised for the first time in objections may properly be found waived), *overruled*

20   *on other grounds*, *United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992).

21

22

1 | Therefore, the Court agrees with Judge Christel that Dalgleishes's second tender did not

2 | trigger Fidelity's duty to defend under the title policy.[1]

### III.  ORDER

The Court having considered the R&R, Safeco's objections, Fidelity's response, and the remaining record, does hereby find and order as follows:

(1)     The R&R is **ADOPTED**;

(2)     Safeco's motion for summary judgment, Dkt. 28, is **DENIED**

(3)      Fidelity's cross-motion for summary judgment, Dkt. 30, is **GRANTED**; and

(4)     The Clerk shall enter a JUDGMENT and close the case.

Dated this 26th day of January, 2021.

BENJAMIN H. SETTLE
United States District Judge

---

[1] Had the Court considered the letter, it would not have changed the conclusion that only one roadway was actually the subject of the underlying claims, consistent with the state trial court's FFCL.

ORDER - 9